JOURNAL ENTRY AND OPINION
This is an appeal from a verdict following a jury trial before Judge Peggy Foley Jones, in which appellant Demetrius Jeffries was found guilty of trafficking in cocaine, preparation of drugs for sale, drug possession, and corrupting another with drugs. He claims ineffective assistance of counsel because his lawyer failed to advise him that one of the charged offenses had a mandatory prison sentence. He seeks reversal on the basis that, had he been given the correct information, he would have accepted a plea agreement offered by the State and requests this court to remand and order that the rejected plea bargain be reinstated. After a careful review, we affirm.
From the record we glean the following: On December 27, 1998, police observed a male juvenile, engaging in suspected drug transactions in the area of East 99th Street and Miles Avenue in Cleveland. He appeared to deliver the money from these transactions to a man, later identified as Jeffries, who seemed to give the boy more packages of suspected drugs. After observing this activity, the police arrested the fifteen-year-old boy and Jeffries, and discovered three rocks of crack cocaine, weighing less than one gram, on the boy's person.
Jeffries, then age twenty-five years, was indicted on four counts: (1) trafficking in cocaine, R.C. 2925.03, with a specification alleging that he committed the offense in the presence of a juvenile, R.C.2925.01(BB); (2) preparation of drugs for sale, R.C. 2925.07, also with a juvenile specification; (3) possession of crack cocaine, R.C. 2925.11; and (4) corrupting another with drugs, R.C. 2925.02. Counts one and two, as heightened by the juvenile specification, were fourth degree felonies, R.C. 2925.03(C)(4)(b), 2925.07(C)(4)(b), count three was a fifth degree felony, R.C. 2925.11(C)(4)(a), and count four was a second degree felony carrying a mandatory prison term of at least two years, R.C. 2925.02(C)(1).
On July 20, 1999, Jeffries was arraigned, found indigent, and a lawyer was appointed to defend him. Although the record does not formally notice the change, Jeffries ultimately retained another lawyer who represented him beginning with pretrial proceedings in August 1999 and continuing through trial and sentencing. On November 5, 1999, a jury pronounced him guilty on all counts and, when he failed to appear for his sentencing hearing, a capias was issued. After he was taken into custody, a sentencing hearing took place on May 22, 2000, and the following transpired:
 MR. GIBEL: [Jeffries' lawyer] I request a new trial, Your Honor.
 THE COURT: What are your grounds for a new trial, Mr. Gibel?
 MR. GIBEL: Your Honor, Mr. Jeffries, I believe his constitutional rights weren't protected, in that he was under the Sixth Amendment, his rights weren't protected in the matter, Your Honor, as per the issue that I brought to your attention last week on misdirecting him as to what the potential penalty in the case was.
THE COURT: You need to be more specific.
 MR. GIBEL: Yes, Your Honor. I was advised by the initial prosecutor in the case there were two F-4's and two F-5's, and these were the risks to be taken. I advised Mr. Jeffries under those conditions, we were offered one F-5 in a plea bargain agreement. However, Mr. Jeffries turned that down because of a parole problem that would ensue if he had accepted that offer. However, at that time he was unaware that one of the cases was an F-2, as I was unaware at that time also, Your Honor.
 THE COURT: So what difference would that have made?
 MR. GIBEL: I believe, Your Honor, for one, that he wasn't — or couldn't willingly, knowingly, intelligently not accept the plea bargain agreement to begin with, that he was misadvised, wasn't advised of the risk involved.
 THE COURT: But if he plead [sic] guilty to the F-5, he still would have a violation of his parole.
 MR. GIBEL: That's true, Your Honor, but would be looking at a potential sentence of two to eight years on an F-2, rather than a six month to one year sentence on an F-5, and the risk involved there is tremendously different.
 THE COURT: So you're saying he would have plead [sic] guilty to an F-5?
MR. GIBEL: Yes, Your Honor.
Jeffries then addressed the judge and stated that he was told, both by Mr. Gibel and the originally assigned lawyer, that his charges were fourth and fifth degree felonies, that he was not aware that he was charged with a second degree felony, and that he would have accepted the plea bargain, pleaded guilty to the fifth degree felony and accepted the consequences to his parole violation if he had known that he was subject to a second degree felony conviction. The judge found the claims that he would have accepted the plea speculative, and stated:
 THE COURT: You understand. From the Court's perspective, if everybody came in here, said that, I wouldn't have any pleas. It doesn't make any sense.
 Everybody would say, I didn't know what the penalties would be.
Jeffries was then sentenced to concurrent prison terms of eight months each on counts one, two and three, and three years on count four. The judge did not impose a fine pursuant to R.C. 2929.18(B)(1) and, although she made a passing reference to the imposition of discretionary post-release control sanctions, she did not fully inform him of the nature of those sanctions, as required by R.C. 2929.19(B)(3), and she did not impose the mandatory five-year period of post-release control mandated under R.C. 2967.28(B). They are, therefore, not part of Jeffries' sentence.
Jeffries' sole assignment of error states:
 APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL INCORRECTLY ADVISED HIM OF THE OFFENSE LEVELS OF THE CHARGES HE WAS FACING AND THE POSSIBLE PENALTIES THOSE CHARGES CARRIED AND, BASED UPON THIS INCORRECT ADVICE, APPELLANT REJECTED A PLEA OFFER.
A defendant who claims constitutionally ineffective assistance of counsel must show that his lawyer's representation fell below reasonable professional standards, and that he was prejudiced as a result.[1] In order to show prejudice, he must show that, but for his lawyer's errors, there is a reasonable probability the outcome of the trial would have been different.[2] If we can determine that no prejudice occurred, we can avoid the question of whether a lawyer's conduct violated professional standards.[3]
We begin by noting that the unprofessional error claimed here, when accompanied by prejudice, can support an ineffective assistance of counsel claim. A defendant has a right to effective assistance of counsel in considering plea offers and, while a lawyer need not always make a recommendation as to the advisability of accepting the plea offer, the defendant certainly is entitled to accurate information allowing him to compare the plea offer with the outstanding charges.[4] Jeffries' lawyer stated in open court that he gave his client the wrong information; this is not simply a case where the defendant states he was not told of the penalties he faced, but a case where the defendant claims, and his lawyer admits, that he was actively misinformed. Contrary to the State's argument, we can imagine no strategic reason for a defense lawyer to misinform his client concerning the seriousness of the offenses and the potential penalties for each count. Such conduct falls below professional standards.
To show prejudice, however, Jeffries must show a reasonable probability that he would have accepted an available plea offer if he had known that one of the charges was a second degree felony carrying a mandatory prison sentence of at least two years. The record before us is inadequate to support such a determination. We are unable to accept Jeffries' unsworn statements at the sentencing hearing that he would have accepted the plea, we have no evidence of the details of the plea offer, and the State has challenged his claims of prejudice, arguing that he would have gone to trial even if properly informed. While a reasonable probability requires showing only a probability sufficient to undermine confidence in the outcome,[5] resolution of these claims will require evidence outside the trial court record, and should be raised in a petition for post-conviction relief.[6]
Judgment affirmed.
It is ordered that the appellee recover from appellant costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
______________________ ANNE L. KILBANE, JUDGE:
COLLEEN CONWAY COONEY, J., CONCUR; JAMES D. SWEENEY, P.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.
[1] Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,2064, 80 L.Ed.2d 674, 693; State v. Johnson (2000), 88 Ohio St.3d 95,108, 723 N.E.2d 1054, 1067.
[2] Strickland, 466 U.S. at 694, 104 S.Ct. at 2068,80 L.Ed.2d at 698.
[3] Id., 466 U.S. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699.
[4] Cullen v. United States (C.A.2, 1999), 194 F.3d 401, 404.
[5] Strickland, 466 U.S. at 694, 104 S.Ct. at 2068,80 L.Ed.2d at 698.
[6] Lewis v. State (Fla.App. 5th Dist. 2000), 751 So.2d 715; Williams v. State (Md. 1992), 605 A.2d 103.